NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3277

KATRINA V. TATE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Katrina V. Tate, of Broadview, Illinois, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney. Of counsel was Sara B. Rearden, Attorney

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3277

KATRINA V. TATE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in
CH0752080246-I-1.

_____

DECIDED:   April 2, 2009

_____

Before SCHALL, PLAGER, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Katrina V. Tate petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal for lack of jurisdiction. Tate v. U.S Postal Serv., No. CH-0752-08-0246-I-1, slip op. at 2 (M.S.P.B. May 12, 2008) ("Final Decision"). We affirm.

DISCUSSION

I.

Ms. Tate was employed by the U.S. Postal Service at the Carol Stream Processing and Distribution Center in Carol Stream, Illinois, in the EAS-7 position of Clerk/Mailhandler. This employment was during a probationary period. After her appointment was terminated during that period, she appealed to the Board.

In an acknowledgment order dated December 18, 2007, the administrative judge ("AJ") to whom the appeal was assigned informed Ms. Tate that she had the burden of proving Board jurisdiction over her appeal, and she directed Ms. Tate to submit evidence and argument on that issue. Ms. Tate did not respond to the AJ's order.

On January 15, 2008, the AJ issued an initial decision dismissing Ms. Tate's appeal for lack of jurisdiction. Tate v. U.S. Postal Serv., No. CH-0752-08-0246-I-1, slip op. at 3 (M.S.P.B. Jan 15, 2008) ("Initial Decision"). The AJ determined that Ms. Tate was not a Postal Service employee with appeal rights to the Board. Id. Such rights belong to a Postal Service employee who (1) is a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely non-confidential clerical capacity, and (2) has completed one year of current, continuous service in the same or a similar position. See Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). The AJ stated that her acknowledgement order had informed Ms. Tate of these jurisdictional requirements and that Ms. Tate had failed to present proof that they were met. Initial Decision, slip op. at 3.

The <u>Initial Decision</u> became the final decision of the Board after the Board denied Ms. Tate's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). <u>Final Decision</u>, slip op. at 2. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. <u>See</u> 5 U.S.C. § 7703(c); <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Before the Board, Ms. Tate's appeal form showed that she was a non-preference eligible agency employee. At the same time, review of Ms. Tate's employment record, as reflected in her PS-50 form, revealed that she had not completed 1 year of current, continuous service in the same or similar positions and that she was neither a management or supervisory employee, nor an employee engaged in personnel work in other than a purely non-confidential clerical capacity. Under these circumstances, the decision of the Board is neither unsupported by substantial evidence nor incorrect as a matter of law.

For the foregoing reasons, the final decision of the Board dismissing Ms. Tate's appeal for lack of jurisdiction is affirmed.

No costs.